**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**KENNETH JONES**                                                                                   **PLAINTIFF**

v.                                              **4:07CV00807-WRW**

**FRED'S STORES OF TENNESSEE
d/b/a FRED'S STORE**                                                          **DEFENDANT**

**CERTIFICATION ORDER**

Based on Rule 6-8 of the Rules of the Supreme Court of the State of Arkansas, this Court certifies to the Supreme Court of Arkansas a question of law that may be determinative of a major issue in this case (and it appears that the same issue is pending in several circuit courts in Arkansas).

**I. QUESTION OF LAW TO BE ANSWERED**

Does Ark. Code Ann. § 16-55-212(b) violate the Arkansas Constitution?

**II. FACTS RELEVANT TO THE QUESTION**

On February 5, 2007, Plaintiff Kenneth Jones, a resident of Saline County, Arkansas, was a customer in a Saline County Fred's Store when a Fred's Store employee put a ladder in the aisle behind Plaintiff without Plaintiff's knowledge.[1] Plaintiff turned, tripped over the ladder, and injured his knee.[2] Plaintiff sought medical care because of his injury; the aggregate value of the medical expenses Plaintiff incurred was $78,880.38.[3] Plaintiff's medical providers collected only

---

[1] Doc. No. 2. Defendant is a Tennessee corporation.

[2] *Id*.

[3] Doc. No. 12.

1

a portion of that amount because Plaintiff's medical insurance negotiated a reduced payment.[4]

Plaintiff believes that Defendant will, under Ark. Code Ann. § 16-55-212(b), attempt to prevent Plaintiff from introducing evidence of the aggregate cost of Plaintiff's medical expenses; Plaintiff asserts Ark. Code Ann. § 16-55-212(b) is unconstitutional.[5]

The issue of whether Ark. Code Ann. § 16-55-212(b) violates the Arkansas Constitution is likely to arise repeatedly in federal diversity cases, as well as in Arkansas circuit court cases. While the Arkansas Supreme Court has been presented with this issue, the Court found the issue moot and declined to rule on the question;[6] there is no precedent from the Arkansas Supreme Court on this issue. Judges in the United States District Courts have reached different conclusions on the issue.[7]

### III. REFORMULATION OF THE QUESTION

The United States District Court hereby acknowledges that the Arkansas Supreme Court, acting as the receiving court, may reformulate the question presented.

---

[4] *Id*.

[5] *Id.*

[6] See *Shipp v. Franklin*, No. 07-22, 2007 Ark. Lexis 373, at *10 (Ark. June 14, 2007).

[7] See *Perry v. Ethicon, Inc.*, No. 4:05CV567GH, 2006 U.S. Dist. Lexis 86127, at *4 (E.D. Ark. Nov. 27, 2006) (finding the provision constitutional); but see *McMullin v. United States*, No. 3:06CV00172GTE, 2007 U.S. Dist. Lexis 67603, at *10 (E.D. Ark. Sept. 12, 2007) (holding that the Arkansas Supreme Court would find the collateral source rule applies to the case under consideration, as it is primarily a rule of substantial justice) and *Saunders v. Wilder Bro's. Sawmill, Inc.*, No. 2:05-CV-00219-WRW (E.D. Ark. filed Sept. 2, 2005), Doc. No. 89 (Order finding Ark. Code Ann. § 16-55-212(b) unconstitutional withdrawn).

## IV. COUNSEL OF RECORD AND PARTIES

Attorney for Plaintiff, Kenneth Jones:

James F. Swindoll
Law Offices of James F. Swindoll
212 Center Street
Suite 300
Little Rock, AR 72202

Attorney for the Defendant, Fred's Stores of Tennessee, Inc.:

Richard D. Underwood
Underwood/Thomas, PC
9037 Poplar Ave.
Suite 101
Memphis, TN 38138

## V.

The Clerk of the Court is hereby directed to forward this Order to the Supreme Court of Arkansas under his official seal.

IT IS SO ORDERED this 17th day of September, 2008.

/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE