# SUPREME COURT OF ARKANSAS
No. 08-1097

| | |
|---|---|
| KENNETH JONES,<br>        PETITIONER,<br><br>VS.<br><br>FRED'S STORES OF TENNESSEE<br>d/b/a FRED'S STORE,<br>        RESPONDENT, | Opinion Delivered October 2, 2008<br><br>QUESTION OF LAW FROM THE UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF ARKANSAS,<br><br>ACCEPTED. |

*FILED*
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
OCT - 6 2008
JAMES W. McCORMACK, CLERK
By: _____
DEP CLERK

4:07cv00807

**PER CURIAM**

In accordance with § 2(D)(3) of Amendment 80 to the Arkansas Constitution and Rule 6-8 of the Rules of the Supreme Court and Court of Appeals of the State of Arkansas (2007), Judge William R. Wilson, Jr. of the United States District Court for the Eastern District of Arkansas filed a motion and certifying order with our clerk on September 19, 2008. The certifying court requests that we answer one question of Arkansas law that may be determinative of a cause now pending in the certifying court, and it appears to the certifying court that there is no controlling precedent in the decisions of the Arkansas Supreme Court. The law in question involves whether Ark. Code Ann. § 16-55-212(b) (Repl. 2005) violates the Arkansas Constitution.

After a review of the certifying court's analysis and explanation of the need for this court to answer the question of law presently pending in that court, we accept certification of the following question: Whether Ark. Code Ann. § 16-55-212(b) violates the Arkansas

Constitution in requiring that any evidence of damages for the costs of any necessary medical care, treatment, or services received shall include only those costs actually paid by or on behalf of the plaintiff or which remain unpaid and for which the plaintiff or any third party shall be legally responsible.

This per curiam order constitutes notice of our acceptance of the certification of question of law. For purposes of the pending proceeding in the Supreme Court, the following requirements are imposed:

> A. Time limits under Rule 4-4 will be calculated from the date of this per curiam order accepting certification. The plaintiff in the underlying action, Kenneth Jones, is designated the moving party and will be denoted as the "Petitioner," and his brief is due thirty days from the date of this per curiam; the defendant, Fred Stores of Tennessee d/b/a Fred's Store, shall be denoted as the "Respondent," and his brief shall be due thirty days after the filing of Petitioner's brief. Petitioner may file a reply brief within fifteen days after Respondent's brief is filed.
>
> B. The briefs shall comply with this court's rules as in other cases except for the briefs content. Only the following items required in Rule 4-2(a) shall be included:
>
>> (3) Point on appeal which shall correspond to the certified question of law to be answered in the federal district court's certification order.
>>
>> (4) Table of authorities.
>>
>> (6) Statement of the case which shall correspond to the facts relevant to the certified question of law as stated in the federal district court's certification order.
>>
>> (7) Argument.
>>
>> (8) Addendum, if necessary and appropriate.

(9) Cover for briefs.

C. Oral argument will only be permitted if this court concludes that it will be helpful for presentation of the issue.

D. Rule 4-6 with respect to amicus curiae briefs will apply.

E. This matter will be processed as any case on appeal.

F. Rule XIV of the Rules Governing Admission to the Bar shall apply to the attorneys for the Petitioner and Respondent.

Accepted.